```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

H AND A CORPORATION,             )
d/b/a NEWTOWN FOOD MART,         )
     Plaintiff,                  )
                                 )
          v.                     )    C.A. No. 14-13783-MLW
                                 )
UNITED STATES,                   )
     Defendant.                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          September 22, 2015

On July 31, 2014, H and A Corporation ("H&A") sued the United States in Massachusetts state court, challenging H&A's disqualification from the Supplemental Nutrition Assistance Program. After removing to federal court, the government moved to dismiss for insufficient service of process. The court has considered the filings of the parties on this Motion and the attached Report and Recommendation of Magistrate Judge Bowler (Docket No. 20). No objections to the Report and Recommendation have been filed. This court has reviewed the questions of law de novo, and, for the reasons discussed below, finds the Report and Recommendation to be thorough, thoughtful, and persuasive. The defendant's motion to dismiss for improper service of process is unmeritorious. It is, therefore, being denied.

I.  BACKGROUND

On July 31, 2014, H and A Corporation ("H&A") sued the United States in Massachusetts state court, challenging H&A's disqualification from the Supplemental Nutrition Assistance Program ("SNAP") by the U.S. Department of Agriculture. Docket No. 1-1. On October 3, 2014, the government removed the case to federal court, explaining that the federal courts have original jurisdiction over claims arising from the laws governing the Supplemental Nutrition Assistance Program. See 28 U.S.C. §1441; 7 U.S.C. §2023(a)(13). On January 6, 2015, the court referred the case to Magistrate Judge Bowler.

On January 16, 2015, the government moved to dismiss for improper service. The government argued that five months after filing the complaint, plaintiff had not made proper service to the three required offices (the United States Attorney's Office ("USAO"), the United States Attorney General, and the relevant officer or agency within 120 days of filing the complaint. Fed. R. Civ. P. 4(i), 4(m). Proper service was completed on February 20. The magistrate judge held a hearing on the motion to dismiss on March 3.

On March 10, 2015, plaintiff's attorney filed an affidavit stating that there was good cause for his failure to properly effect service within 120 days: First, he had served solely the

2

United States Department of Agriculture ("USDA"), a practice to which the USAO had not objected in a previous case. Second, he had not learned of any issue regarding service of process until January 14, 2015. Third, he had not been able to access the district court's online filing system until February 3, 2015. Counsel further stated that on February 20, 2015, he made proper service. The government's Reply argued that "good cause" is in the court's discretion and cited cases in this jurisdiction in which courts have dismissed actions in similar circumstances.

The magistrate judge entered her Report and Recommendation denying the motion to dismiss on April 15, 2015.

II. STANDARDS & ANALYSIS

Federal Rule of Procedure 4(i)(1) requires that a party serving the United States must: (A) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought," (B) "send a copy of each by registered or certified mail to the Attorney General of the United States," and (C) "if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer." Such service must be made within 120 days. Fed. R. Civ. P. 4(m). A defendant may file a motion to dismiss for improper service. Fed. R. Civ. P. 12(b)(5).

3

A complaint may survive a motion to dismiss for improper service under two relevant circumstances. First, the court must deny a motion to dismiss for improper service "if the plaintiff shows good cause for the failure" to effect proper service. Fed. R. Civ. P. 4(m). Second, "[t]he court, in its discretion, may also grant an extension of time even absent good cause." Morales v. Spencer, 52 F. Supp. 3d 362, 365 (D. Mass. 2014) (citing Fed. R. Civ. P. 4 adv. committee note (1993)).

When evaluating whether to dismiss an action that was improperly served without good cause, a court's discretion is guided by three factors: whether "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer . . . prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." Riverdale Mills Corp. v. U.S. Dep't of Transp., 225 F.R.D. 393, 395 (D. Mass. 2005) (quoting In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001)); see also United States v. Lezdey, No. 12-cv-11486-RWZ, 2013 WL 704475, at *5 (D. Mass. Feb. 26, 2013).

It is undisputed that plaintiff's service was improper. Plaintiff made timely service of process only upon the USDA. See Affidavit of Thomas. T. Truax, Docket No. 18. The Magistrate Judge properly found that plaintiff has not shown good cause. An attorney's ignorance of procedural rules is no excuse. Riverdale,

225 F.R.D. at 395. The court, therefore, is not required to deny the defendant's motion to dismiss. However, in the circumstances of this case, it is appropriate for the court to exercise its discretion to allow the case to proceed.

The government received actual notice of the suit. The government removed this case from state court fifty-six days after the litigation commenced. The government was not prejudiced by the incomplete service of process. Dismissing this action and forcing the parties to relitigate this case would needlessly consume the time and resource both of the parties and of this court. Accordingly, the court finds it appropriate to excuse the defects in the plaintiff's service of process. The defendant's motion to dismiss is, therefore, being denied.

III. ORDER

In view of the foregoing, it is hereby ORDERED that defendant's Motion to Dismiss (Docket No. 7) is DENIED.

This case is hereby referred to the Magistrate Judge for pretrial purposes or, if the parties consent, for all purposes.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE